**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DENISE GRAHAM, on her own behalf
and all similarly situated individuals,

Plaintiff,

v. CASE NO.:8:16-CV-1324-T-30UAM

PYRAMID HEALTHCARE SOLUTIONS, INC.

Defendant.
______________________________________/

**AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DENISE GRAHAM, on behalf of herself and the Putative Class set forth below, files the following AMENDED Class Action Complaint against PYRAMID HEALH CARE SOLUTIONS, INC., a foreign corporation, pursuant to the Fair Credit Reporting Act ("FCRA").

**PRELIMINARY STATEMENT**

1. Defendant provides services to the healthcare industry.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information as a basis for adverse employment action. In this case, Defendant used a national consumer reporting agency, Background Information Services. ("BIS"), to procure consumer reports on Plaintiff and the putative class members she seeks to represent.

3. The FCRA, 15 U.S.C. §1681b makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendant – complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. § 1681b(b)(2).

EXHIBIT A

4. Defendant willfully violated these requirements in multiple ways and in systematic violation of Plaintiff's rights, and as to the rights of the other putative class members.

5. First, Defendant violated the FCRA's requirement that, prior to procuring a consumer report for employment purposes, a prospective employer must disclose that it is going to procure a consumer report "in a document consisting solely of the disclosure." This conduct violates 15 U.S.C. §1681b(b)(2)(A)(i). The standard forms utilized by Defendant fail to comply with this long-standing statutory requirement. Defendant's practices in violation the FCRA were repeated and systematic and, thus, the claims at issue in this Complaint are ripe for class treatment.

6. Second, Defendant took adverse action against Plaintiff, on the basis of information contained in background reports without first providing her pre-adverse action notice, a copy of the report, a summary of her rights under the FCRA. This conduct violates 15 U.S.C. § 1681b(b)(3).

## JURISDICTION AND VENUE

7. This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

8. This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193.

9. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in, Florida, in Pinellas County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in

this case.

## PARTIES

10. Plaintiff is a citizen of Florida and was a rejected applicant for employment with Defendant. She is a natural person and is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq.*, at §1681a(c).

11. Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## FACTUAL ALLEGATIONS

12. In October 2015, Plaintiff applied for employment with Defendant.

13. Plaintiff filled out Defendant's employment application and hiring documents, including a form titled "Background Check Disclosure and Authorization" ("FCRA Disclosure'). The FCRA Disclosure is attached hereto as Exhibit A.

14. The FCRA Disclosure purported to disclose Plaintiff of her rights under the FCRA and authorize Defendant to procure a consumer report for employment purposes.

15. Defendant extended Plaintiff an offer of employment, pending successful completion of a criminal background check, *i.e.* consumer report. Plaintiff was scheduled to start working for Defendant on October 26, 2015.

16. Defendant procured a consumer report for employment purposes.

17. Based on the results of the consumer report, Defendant withdrew its offer of employment.

18. Defendant failed to advise Plaintiff of her rights pursuant to the FCRA, failed to provide Plaintiff a Summary of Rights as required by the FCRA and failed to provide Plaintiff an opportunity to correct the inaccuracies contained in the consumer report prior to taking an adverse employment action as required by the FCRA.

***Defendant's Willful Violation of 15 U.S.C. § 1681b(b)(2)***

19. Defendant willfully violated 15 U.S.C. § 1681b(b)(2). Specifically, Defendant is liable for willfully or negligently violating Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

20. As explained above, Plaintiff applied to work for Defendant and filled out Defendant's pre-employment documents, which included purported FCRA Disclosure.

21. The purported FCRA disclosure was unlawful. First, the document provided by Defendant did not specifically identify Defendant by name. The line next to "Organization Name" was blank, essentially creating a blanket authorization for Defendant's vendor, Background Information Services, Inc. ("BIS") to procure a consumer report on Plaintiff.

22. Moreover, the FCRA disclosure contained at least the following extraneous items of information:

a) The logo of the vendor, BIS;

b) Blank lines identification of "Organization Name" and "Account";

c) The address and phone number for BIS;

d) A statement "You have the right to make a written request within a reasonable period for a free notice of the nature and scope of any investigative consumer report ordered. Such notice will be made in a writing mailed, or otherwise delivered to you no later than five days after the date such request was received or such report was requested, whichever is later."

e) State specific information for New York, Maine, Minnesota, Oklahoma and California.

23. When Plaintiff applied for employment, the FCRA disclosure was not a stand-alone document and violates Section 1681b(b)(2) of the FCRA. *Jones v. Halstead Mgmt. Co., LLC*, 81 F. Supp. 3d 324, 333, 2015 U.S. Dist. LEXIS 12807, *18 (S.D.N.Y. 2015).

24. Defendant never provided Plaintiff with a document consisting **solely** of a disclosure that a background check will be procured for employment purposes. Because the FCRA disclosure was the only form Defendant provided to Plaintiff prior to procuring a report on her which related in any way to consumer reports, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i).

25. Defendant's conduct was knowing and reckless.

26. Defendant knowingly and recklessly disregarded the plain meaning of 15 U.S.C. § 1681b(b)(2)(A), as well as guidance from the Federal Trade Commission and numerous court decisions, including, for example, *Jones v. Halstead Mgmt. Co., LLC*, 81 F. Supp. 3d 324, 333, 2015 U.S. Dist. LEXIS 12807, *18 (S.D.N.Y. 2015), holding that the inclusion of extraneous information in the disclosure required under § 1681b(b)(2)(A) is a violation of the FCRA.

27. Defendant knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers.

28. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

29. By systematically inserting extraneous information into Plaintiff's and other current or prospective employees' disclosures, Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

30. Plaintiff and the putative class experienced a concrete injury from Defendant's failure to provide the statutorily-required stand-alone disclosure in at least two ways. First, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, driver's license number and social security number. By procuring a report containing this private information without complying with these requirements, Defendant illegally invaded Plaintiff's privacy.

31. Second, Plaintiff has suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which she was entitled by statute. Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information,

Defendant injured her and the putative class members. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

32. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees.

33. On behalf of herself and the Putative Class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

**RULE 23 REQUIREMENTS**

34. Plaintiff asserts her claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> Background Check Class: All Pyramid Healthcare Solutions, Inc. employees and job applicants who applied for or worked in a position at Pyramid Healthcare Solutions, Inc. in the United States and who were the subject of a consumer report that was procured by Pyramid Healthcare Solutions, Inc. within two years of the filing of this complaint through the date of final judgment and as to whom Pyramid Healthcare Solutions, Inc. used the employment application and purported disclosure and authorization form substantially similar to Exhibit A.

35. Numerosity: The Putative Class is so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

36. Typicality: Plaintiff's claims are typical of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative

Class members in accordance with its standard policies and practices.

37. Adequacy: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

38. Commonality: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a) Whether Defendant's specific background check practices and/or procedures alleged in this case comply with the FCRA;

b) Whether Defendant's standard FCRA disclosures complied with 15 U.S.C. §1681b(b)(2) and (3);

c) Whether Defendant's violations of the FCRA were willful; and

d) The proper form of injunctive and declaratory relief.

39. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

40. This case is maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

41. Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the

Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

42. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## FIRST CLAIM FOR RELIEF
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. Defendant used the consumer reports of the Plaintiff and each member of the Background Check Class without first providing the disclosures necessary to satisfy 15 U.S.C. § 1681b(b)(2)(A)(i).

45. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, in a stand-alone document.

46. The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) free from extraneous information, including any form of liability release, prior to obtaining and then utilizing a consumer report on the Background Check Class members. By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

47. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law including *Jones v. Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324 (S.D.N.Y. 2015), and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

48. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

49. Plaintiff and the Background Check Class are further entitled to recover their

costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**<u>SECOND CLAIM FOR RELIEF</u>**
**Failure to Obtain Proper Authorization in Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)**

50. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

51. Defendant violated the FCRA by procuring and using consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

52. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

53. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54. Plaintiff and the Background Check Class are entitled to statutory damages of

not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

55. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PUTATIVE CLASS PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

a) Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c) Issuing proper notice to the Putative Class at Defendant's expense;

d) Declaring that Defendant committed multiple, separate violations of the FCRA;

e) Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f) Awarding statutory damages as provided by the FCRA, including punitive damages;

g) Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**THIRD CLAIM FOR RELIEF (INDIVIDUAL)**
**Failure to Provide Pre-Adverse Action Notice**
**15 U.S.C. § 1681b(b)(3)(A)**

56. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

57. Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

58. Defendant violated the FCRA by failing to provide Plaintiff with pre-adverse action notice. See 15 U.S.C. § 1681b(b)(3)(A).

59. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681b(b)(3)(A). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised them of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

60. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and, finally, the consumer reporting agency that provided Plaintiff's consumer report information to Defendant

(BIS) has published numerous FCRA-related articles and compliance self-help materials and made them available to Defendant through its website, including as to pre-adverse notice.

61. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2)

62. Plaintiff is further entitled to recover her costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## INDIVIDUAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for relief as follows:

a) Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

b) Awarding statutory damages as provided by the FCRA, including punitive damages;

c) Awarding actual damages as provided by the FCRA;

d) Awarding reasonable attorneys' fees and costs as provided by the FCRA;

e) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

63. Plaintiff and the Putative Class demand a trial by jury.

DATED this 11th day of July, 2016.

Respectfully submitted,

MORGAN & MORGAN

**/s/ Marc R. Edelman**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax: 407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
AFrisch@forthepeople.com
Attorney for Plaintiff

BIS BACKGROUND INFORMATION SERVICES, INC.®

# BACKGROUND CHECK DISCLOSURE & AUTHORIZATION

**Organization Name** ______________________ **Account** ______________

## DISCLOSURE

The "Organization" above and our agent **Background Information Services, Inc. ("BIS") located at 1800 30th Street, Ste 204, Boulder, CO 80310, (800) 433-6010**, may order, prepare, report, obtain, and review consumer reports about you for employment purposes, including without limitation for the purposes of evaluating you for employment, promotion, reassignment and retention, at any time prior to or during your employment and without providing any additional notice.

We may also order, prepare, report, obtain, and review investigative consumer reports through personal interviews with employers, supervisors, coworkers, clients, neighbors, friends, or associates, acquaintances, and others, as applicable, that may include without limitation, information about your character, general reputation, personal characteristics and mode of living, salary history, reason for termination, eligibility for rehire, and any disciplinary actions. You have the right to make a written request within a reasonable period of time for a free notice of the nature and scope of any investigative consumer report ordered. Such notice will be made in a writing mailed, or otherwise delivered to you not later than five days after the date such request was received or such report was first requested, whichever is the later.

A copy of "A Summary of Your Rights Under the FCRA" is attached hereto. You may have additional rights under state law.

*NY & ME APPLICANTS ONLY:* You have a right to know whether an investigative consumer report was requested and to inspect and receive a copy of any investigative consumer report by contacting BIS. By signing below you acknowledge receipt and understanding of the NEW YORK BACKGROUND CHECK NOTICE.

| APPLICANT INFORMATION | PLEASE PRINT OR TYPE | | |
|---|---|---|---|
| Last Name: Rwinski | | First Name: Denise | Middle Name: |
| Social Security Number: [redacted] | Date of Birth (mm/dd/yy): [redacted] | Other Names Used (maiden, married, AKA): [redacted] | Dates Used: [redacted] |
| Drivers License Number: [redacted] | State of Issue: [redacted] | Other Names Used (maiden/married/AKA): | Dates Used (yr – yr): |

| ADDRESS HISTORY | PLEASE INCLUDE 7 YEARS OF HISTORY. Use reverse if necessary. | | |
|---|---|---|---|
| 1 Current Street Address: [redacted] | City: [redacted] | State: [redacted] | Zip Code: [redacted] |
| Date From (month/year): [redacted] | Date To (month/year): [redacted] | County (NOT Country): [redacted] | |
| 2 Previous Street Address: [redacted] | City: [redacted] | State: [redacted] | Zip Code: [redacted] |
| Date From (month/year): [redacted] | Date To (month/year): [redacted] | County (NOT Country): | |
| 3 Previous Street Address: | City: | State: | Zip Code: |
| Date From (month/year): / | Date To (month/year): / | County (NOT Country): | |

## AUTHORIZATION

I acknowledge receipt and understanding of this BACKGROUND CHECK DISCLOSURE and A SUMMARY OF YOUR RIGHTS UNDER THE FCRA. I agree that a copy of this *Authorization* is as valid as the original.

I hereby authorize the Organization above and its agent BIS to order, prepare, report, obtain, and review consumer reports and investigative consumer reports about me for employment purposes at any time prior to or during my employment and without giving me any additional notice.

**I authorize any and all persons, employers, supervisors, coworkers, schools, companies, corporations, organizations, courts, and governmental, law enforcement, military, driving record, licensing and certification agencies, and any other information source to provide all information requested to the organization above and BIS. I authorize any and all credit bureaus to provide my credit report to the organization above and BIS.**

☐MN & OK APPLICANTS ONLY: Check box to receive a copy of any consumer report.

☐CA APPLICANTS ONLY: Check box to receive a copy of any consumer report/investigative consumer report. By signing below you acknowledge receipt and understanding of the CALIFORNIA BACKGROUND CHECK NOTICE.

**Signature** Denise Rwinski **Date** 10 / 15 / 15

01/2013 VERSION



Exhibit A