## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DENISE GRAHAM, on her own behalf and
all similarly situated individuals,

      Plaintiff,

v.                                     CASE NO:  8:16-cv-1324-T-30AAS

PYRAMID HEALTHCARE SOLUTIONS,
INC.,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts
One and Two of the Amended Complaint (Dkt. 19) and Plaintiff's Response in Opposition
(Dkt. 31).  The Court, having reviewed the motion, response, and being otherwise advised
in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a putative class action brought under the Fair Credit Reporting Act ("FCRA").
According to the amended complaint, in October 2015, Plaintiff Denise Graham applied for
employment with Defendant Pyramid Healthcare Solutions, Inc.  Defendant offered Plaintiff
employment, subject to Plaintiff's successful completion of a background check.  Thereafter,
Defendant obtained Plaintiff's background check from a consumer reporting agency.
Plaintiff alleges that Defendant rescinded its job offer based upon the results of the
background check.  Plaintiff further alleges that Defendant did not provide Plaintiff the pre-

adverse action notice required under the FCRA and Defendant did not allow Plaintiff the opportunity to address the inaccuracies contained within the background report.

Counts I and II of the amended complaint allege, in relevant part, that the disclosure Plaintiff executed to authorize Defendant to obtain a background report as part of the employment process failed to comply with 15 U.S.C. § 1681b(b)(2)(A)'s requirement of a stand-alone disclosure.[1]   Specifically, Defendant provided Plaintiff with a form titled Background Check Disclosure and Authorization ("Disclosure Form").  Plaintiff alleges that the Disclosure Form violated the FCRA by containing extraneous information.   The Disclosure Form included numerous items of information and authorizations that were unrelated to the disclosure, including the business logo of the consumer reporting agency; blank lines for "Organization Name" and "Account"; a reference to an unidentified "Organization"; the name and address and phone number of the consumer reporting agency; a false statement that a copy of "A Summary of Your Rights Under the FCRA" was attached; various disclosures relating to state law that were irrelevant and unrelated to the disclosure required under federal law; and several purported authorizations that were directed to various agencies, such as law enforcement agencies, state and federal agencies, the military, schools, and other entities to release private records.

---

[1] Under the FCRA, an employer must disclose to a job seeker that "a consumer report may be obtained for employment purposes" and must obtain authorization from a consumer before procuring her consumer report.  *See* 15 U.S.C. § 1681b(b)(2).  To ensure that prospective employees are adequately informed about their rights concerning these consumer reports, the FCRA requires that this information be provided "in a document that consists solely of the disclosure."  *Id.* at § 1681b(b)(2)(A).  This is commonly known as the "stand-alone disclosure requirement."

Plaintiff requests, in relevant part, statutory damages under the FCRA based on Defendant's violations of the stand-alone disclosure requirement. With respect to the injury suffered, Plaintiff alleges that she and the putative class suffered a concrete harm because they were deprived of a disclosure that complied with the FCRA's requirements. Plaintiff also contends that Defendant's failure to provide a stand-alone disclosure invaded Plaintiff's privacy because Defendant obtained a consumer report that it was not legally entitled to under the FCRA.

Defendant's motion to dismiss argues that Counts I and II of the amended complaint are subject to dismissal because Plaintiff lacks standing to allege these claims.

## DISCUSSION

To establish standing a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights under the FCRA to receive a clear and conspicuous stand-alone disclosure. As the Eleventh Circuit recently recognized in *Church v. Accretive Health, Inc.*, --- F. App'x. ---, 2016 WL 3611543 (11th Cir. July 6, 2016), violation of statutory rights is not a "hypothetical or uncertain" injury, but "one that Congress has elevated to the status of a legally cognizable injury." 2016 WL 3611543, at *3. Accordingly, the Court concludes that Plaintiff has standing. *See Moody v. Ascenda USA, Inc.*, Case No. 16-cv-60364-WPD, 2016 WL 5900216, at *3 (S.D. Fla. Oct. 5, 2016) ("Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which

they were entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure."); *Dickens v. GC Services Limited Partnership*, Case No. 16-cv-803-T-30TGW, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016) (Moody, J.) (denying motion to dismiss FDCPA claim for lack of standing because "an alleged failure to comply with a federal law," as alleged in the plaintiff's complaint, "may indeed be enough to confer standing. *Spokeo* in no way stands for the proposition that it is not.").

In sum, Plaintiff's standing was established when Plaintiff alleged Defendant procured a consumer report on her background without following the FCRA's disclosure and authorization requirements. Defendant's effort to create a new enhanced standing requirement is misguided and contrary to the holding in *Spokeo*.

It is therefore **ORDERED AND ADJUDGED** that:

1.    Defendant's Motion to Dismiss Counts One and Two of the Amended Complaint (Dkt. 19) is DENIED.

2.    Defendant shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

-4-