## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DENISE GRAHAM, on her own behalf and
all similarly situated individuals,

     Plaintiff,

v.                            CASE NO:  8:16-cv-1324-T-30AAS

PYRAMID HEALTHCARE SOLUTIONS,
INC.,

     Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Class Certification

(Dkt. 44), Defendant's Motion for Summary Judgment (Dkt. 50) and the parties' respective

responses thereto.  The Court, having reviewed the motions, responses, record evidence, and

being otherwise advised in the premises, concludes that Defendant's motion for summary

judgment should be denied and Plaintiff's motion for class certification should be granted.

## BACKGROUND

This is a putative class action brought under the Fair Credit Reporting Act ("FCRA").

According to the amended complaint, in October 2015, Plaintiff Denise Graham applied for

employment with Defendant Pyramid Healthcare Solutions, Inc.  Defendant offered Plaintiff

employment, subject to Plaintiff's successful completion of a background check.  Thereafter,

Defendant obtained Plaintiff's background check from a consumer reporting agency.

Plaintiff alleges that Defendant rescinded its job offer based upon the results of the background check.

Counts I and II of the amended complaint allege, in relevant part, that the disclosure form Plaintiff and the other putative class members executed to authorize Defendant to obtain a background report as part of the employment process failed to comply with 15 U.S.C. § 1681b(b)(2)(A)'s requirement of a stand-alone disclosure. Specifically, under the FCRA, an employer must disclose to a job seeker that "a consumer report may be obtained for employment purposes" and must obtain authorization from a consumer before procuring her consumer report. *See* 15 U.S.C. § 1681b(b)(2). To ensure that prospective employees are adequately informed about their rights concerning these consumer reports, the FCRA requires that this information be provided "in a document that consists solely of the disclosure." *Id.* at § 1681b(b)(2)(A). This is commonly known as the "stand-alone disclosure requirement."

With respect to the violations of § 1681b(b)(2)(A)(i), Plaintiff alleges that Defendant provided Plaintiff and other putative class members a form titled Background Check Disclosure and Authorization ("Disclosure Form"). Plaintiff alleges that the Disclosure Form violated the FCRA by containing extraneous information. The Disclosure Form included numerous items of information and authorizations that were unrelated to the disclosure, including the business logo of the consumer reporting agency; blank lines for "Organization Name" and "Account"; a reference to an unidentified "Organization"; the name and address and phone number of the consumer reporting agency; a false statement that a copy of "A

Summary of Your Rights Under the FCRA" was attached; various disclosures relating to state law that were irrelevant and unrelated to the disclosure required under federal law; and a broad authorization requiring Plaintiff and the putative class members to forego their legal rights.

As a result of these violations, Plaintiff's second class claim alleges that, in addition to 15 U.S.C. § 1681b(b)(2)(A)(i), Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization.

Plaintiff requests, in relevant part, statutory damages under the FCRA based on Defendant's willful violations of the stand-alone disclosure requirement. With respect to the injury suffered, Plaintiff alleges that she and the putative class suffered a concrete harm because they were deprived of a disclosure that complied with the FCRA's requirements. Plaintiff also contends that Defendant's failure to provide a stand-alone disclosure invaded Plaintiff's and the putative members' privacy because Defendant obtained a consumer report that it was not legally entitled to under the FCRA.

Defendant now moves for summary judgment on Plaintiff's claims, arguing that Plaintiff does not have standing and that, even if she did, Defendant's actions were not willful. Plaintiff opposes Defendant's motion and separately moves for class certification

under Rule 23 of the Federal Rules of Civil Procedure.  Because standing is a threshold issue,

the Court will address Defendant's motion first.[1]

**DISCUSSION**

**I.      Defendant's Motion for Summary Judgment**

      **A.      Standard of Review**

Motions for summary judgment should be granted only when the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).  The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248

(1986) (emphasis in original).  The substantive law applicable to the claimed causes of action

will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences

in its favor.  *Id.* at 255.

---

[1] Although the Court begins with Defendant's motion because it concerns threshold issues, the Court acknowledges that Plaintiff filed her motion for class certification before Defendant moved for summary judgment.

## B. Plaintiff's Standing

Defendant argues that Plaintiff does not have standing to bring this action because she did not suffer a concrete injury. Defendant asserted this same argument in its motion to dismiss, which the Court denied. (Dkts. 19, 32). Defendant does not point to anything that would convince the Court to change its prior ruling. As the Court explained in its Order denying Defendant's motion to dismiss (Dkt. 32), to establish standing a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The record before the Court demonstrates that Plaintiff suffered a concrete and particularized injury in fact: Plaintiff has statutorily-created rights under the FCRA to receive a clear and conspicuous stand-alone disclosure. *See Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990, 994 (11th Cir. 2016) (holding that not receiving information to which one is statutorily entitled is a "concrete" injury); *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016) (noting that a "plaintiff who alleges a violation of a statutory right to receive information alleges a concrete injury"); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015) (quoting various decisions of the Supreme Court for the following proposition: "Congress may create a statutory right or entitlement[,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute. In other words, '[t]he actual or threatened injury required by Art[icle] III may exist solely by

virtue of statutes creating legal rights, the invasion of which creates standing.'"); *see also Moody v. Ascenda USA, Inc.*, Case No. 16-cv-60364-WPD, 2016 WL 5900216, at *3 (S.D. Fla. Oct. 5, 2016) ("Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which they were entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.").

In sum, the Court does not depart from its prior ruling that Plaintiff's standing "was established when Plaintiff alleged Defendant procured a consumer report on her background without following the FCRA's disclosure and authorization requirements." (Dkt. 32). Accordingly, Defendant's motion is denied with respect to this issue. *See Hargrett v. Amazon.com DEDC LLC*, No. 8:15-CV-2456-T-26EAJ, 2017 WL 416427, at *4-*5 (M.D. Fla. Jan. 30, 2017) (denying a nearly identical standing argument because: "The invasion of Plaintiffs' right to receive a stand-alone disclosure document required by the FCRA is not hypothetical or uncertain.").

### C.     Whether Defendant Willfully Violated the FCRA

Under 15 U.S.C. § 1681n(a), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ." *See Harris v. Mexican Specialty Foods, Inc.,* 564 F.3d 1301, 1306 (11th Cir. 2009). Defendant argues that it is entitled to summary judgment in its favor on all of the FCRA claims because it did not willfully violate the FCRA.

An FCRA violation is "willful" if it is either intentional or committed in reckless disregard of the defendant's duties under the Act. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-58 (2007). Recklessness is measured by an objective standard; a defendant's conduct is reckless if it "entail[s] an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68. A defendant does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

"To take advantage of the 'objectively reasonable interpretation' safe harbor, *Safeco* requires that the defendant [] 'adopt[ed]' and acted on an interpretation of the statute." *Milbourne v. JRK Residential Am., LLC*, 202 F. Supp. 3d 585, 591 (E.D. Va. 2016) (quoting *Safeco*, 551 U.S. at 70 n.20). The "objectively reasonable" analysis of *Safeco* does not apply absent evidence that Defendant acted in reliance on an interpretation of the relevant provision of the FCRA or that Defendant's conduct might be acceptable under the statute. *See id.*

Here, as Plaintiff points out, there is no evidence that Defendant researched the FCRA, interpreted the FCRA, or adopted an interpretation of the FCRA. Rather, much like the defendant in *Milbourne*, Defendant "simply used a form that had been provided to it by a third-party background check vendor." *Milbourne*, 202 F. Supp. 3d at 592 ("In sum, there is nothing in the record from which the Court could infer that anyone at JRK made a decision as to what the word "solely" in § 1681b(b)(2) requires or that anyone at JRK ever sought advice on whether inclusion of the release in the form was permissible, either at the time that

JRK adopted the Standard Disclosure Form or at any point thereafter. Therefore, the "objective reasonableness" analysis called for by *Safeco* does not apply in this case."). Accordingly, the question of whether the alleged violations of § 1681b(b)(2) were knowing or reckless must be left to the finder of fact and Defendant's motion for summary judgment is denied with respect to this issue. *See Hargrett*, 2017 WL 416427, at *6 ("Willfulness is typically a question of fact for the jury.").

## II. Plaintiff's Motion for Rule 23 Class Certification

Plaintiff seeks certification of the following class:

> **Background Check Class:** All Pyramid Healthcare Solutions, Inc. employees and job applicants who applied for or worked in a position at Pyramid Healthcare Solutions, Inc. in the United States and who were the subject of a consumer report that was procured by Pyramid Healthcare Solutions, Inc. within two years of the filing of this complaint through the date of final judgment and as to whom Pyramid Healthcare Solutions, Inc. used the employment application and purported disclosure and authorization form substantially similar to **Exhibit A**.[2]

As explained below, the Court concludes that class certification is appropriate under the facts of this case.

### A. Standard of Review

A district court is vested with broad discretion in determining whether to certify a class. *See Washington v. Brown & Williamson Tobacco Corp*., 959 F.2d 1566, 1569 (11th Cir. 1992). However, a district court may certify a class action only if Plaintiff has met the

---

[2] Exhibit A is the Background Check Disclosure and Authorization form that Defendant provided to Plaintiff in order to obtain a consumer report for employment purposes.

implicit and explicit requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551-52 (2011); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009).

As a threshold issue, Plaintiff must demonstrate that the proposed class is "adequately defined and clearly ascertainable."[3] *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).  Assuming the class is ascertainable, Plaintiff must then prove that there are "*in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation as required by Rule 23(a)."  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (emphasis in original).  Plaintiff must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b).  *See id*.  Only after a "rigorous analysis" may a court determine that the movant has satisfied Rule 23's prerequisites and properly certify the class.  *See id*.

## B.     "Adequately Defined and Clearly Ascertainable"

The Eleventh Circuit instructs that "a class is not ascertainable unless the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way."  *Karhu v. Vital Pharm., Inc.*, 621 Fed.Appx. 945, 946 (11th Cir. 2015) (citing *Bussey v. Macon Cnty. Greyhound Park, Inc.,* 562 Fed.Appx. 782, 787 (11th Cir. 2014)).  Identifying class members is administratively feasible when it is a

---

[3] Standing is also a threshold issue: as explained in detail above, the Court has already concluded that Plaintiff has adequate standing to assert the class claims.  *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008).

"manageable process that does not require much, if any, individual inquiry." *Id.* (internal quotation marks omitted).

Here, this element is easily satisfied because the class members are limited to those individuals who were provided the same Disclosure Form as Plaintiff and there is nothing in the record to indicate that it would be unfeasible to identify the class members. Notably, Defendant has already produced to Plaintiff documents indicating that approximately 250 individuals were provided with the subject Disclosure Form during the relevant time. And Defendant does not contest this issue. Accordingly, identifying the class members should be a manageable process.

## C.     Requirements under Rule 23(a)

The four elements required for class certification under Rule 23(a) are: (1) numerosity, the class is so numerous that joinder of all members is impracticable; (2) commonality, there are questions of law or fact common to the class; (3) typicality, the claims or defenses of the class are typical; and (4) adequacy, the class representative will fairly and adequately protect the interests of the class. *Luna*, 2009 WL 4366953, at *1 (citing Fed.R.Civ.P. 23(a)); *Hines v. Widnall,* 334 F.3d 1253, 1255-56 (11th Cir. 2003); *Franze v. Equitable Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002).

### 1.     Numerosity and impracticability of joinder

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Plaintiffs seeking class certification do not need to know the exact size of the proposed class. *See Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 696 (S.D. Fla.

2004). While the size of the proposed class is relevant to a court's determination, other factors such as "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits" should also be considered. *Id.* (quotations omitted).

Defendant does not challenge Plaintiff's assertion that Rule 23(a)'s numerosity requirement is met with a putative class of a minimum of 250 applicants. The Court concludes that Plaintiff has satisfied Rule 23(a)'s numerosity requirement.

### 2. Common questions of law and fact

The commonality requirement typically "refers to the group of characteristics of the class." *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000). To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class wide proof." *Cooper v. Southern. Co.,* 390 F.3d 695, 714 (11th Cir. 2004), *overruled on other grounds*, (quoting *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001)). However, it is not necessary that all members of the class have identical claims. *See Prado-Steiman,* 221 F.3d at 1279 n.14. Commonality, like typicality, focuses "on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members." *Id.* at 1278.

The Court concludes that a sufficient nexus clearly exists here. Plaintiff asserts common questions of fact among the class members, who are all applicants that were provided the same Disclosure Form. The common legal questions include whether

Defendant willfully violated the FCRA when it provided the class members the Disclosure Form.  Plaintiff has satisfied Rule 23(a)'s commonality requirement.

### 3. Typicality

Typicality requires that a class representative "possess the same interest and suffer the same injury as the class members."  *Cooper,* 390 F.3d at 713.  Thus, "the typicality requirement is satisfied if 'the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory.'"  *Agan,* 222 F.R.D. at 698 (quoting *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984)).  Even if the fact patterns are unique to each claim, the typicality requirement will be satisfied if the class representative and class members experienced the same unlawful conduct.  *See Agan,* 222 F.R.D. at 698.  However, like commonality, Rule 23 does not require that all members of the class possess identical claims.  *See id.* at 714.

Defendant does not contest this issue and the Court concludes that this factor is met for the reasons already stated, i.e, Plaintiff and the class members' claims arise from the same conduct and essentially the same factual and legal bases.  Therefore, the Court concludes that Plaintiff has satisfied Rule 23(a)'s typicality requirement.

### 4. Adequacy of protection of class interests

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately

prosecute the action. *See Busby,* 513 F.3d at 1323 (citing *Valley Drug Co.,* 350 F.3d at 1189). This requirement serves to uncover any conflict of interest that named parties may have with the class they represent. *See Amchem Products, Inc., v. Windsor,* 521 U.S. 591, 627 (1997). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Id.* Minor conflicts alone will not defeat class certification, the conflict must be "fundamental" to the specific issues in the case. *Id.* Under this section, the Court must also consider the competency and any conflicts that the class counsel may have. *See id.* at 627 n.20.

Defendant does not contest this element. The Court's independent review reveals that there are no conflicts of interest between Plaintiff and the class members. Moreover, it appears that Plaintiff will adequately prosecute this action. Plaintiff has satisfied Rule 23(a)'s adequacy requirement. The Court also concludes that Plaintiff's counsel are adequate as class counsel.

### D. Requirements under Rule 23(b)

As stated above, in order to have a class certified, the representative Plaintiff must not only satisfy Rule 23(a), but must also show that she meets one of the alternative requirements of Rule 23(b). Plaintiff's motion indicates that the claims satisfy the requirements for certification under Rule 23(b)(3).

For class certification to be appropriate under Rule 23(b)(3), common questions must predominate over questions that affect only individual members and the class action must be a superior method for a "fair and efficient adjudication of the controversy." *Cooper,* 390

F.3d at 722 (citing Fed.R.Civ.P. 23(b)(3)). Thus, rule 23(b)(3) imposes two additional requirements to Rule 23(a): predominance and increased efficiency (superiority). *See id.* (citing *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997)).

### 1.      Predominance

The issues raised in the class action that are subject to generalized proof and that are applicable to the class as a whole "must predominate over those issues that are subject only to individualized proof." *Babineau,* 576 F.3d at 1191 (quoting *Kerr,* 875 F.2d at 1558). "Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'" *Id.* at 1191 (quoting *Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014,1023 (11th Cir. 1996)). A class should not be certified if it appears that most of the plaintiff's claims have highly case-specific factual issues. *See id.* The predominance requirement is "far more demanding" than the commonality requirement. *Jackson,* 130 F.3d at 1005.

The Court concludes that the class claims predominate over any individual legal and factual issues. The central common issues in this case are whether Defendant's FCRA forms satisfy the notice and authorization requirements under the FCRA and, if not, whether Defendant's failure to comply with the FCRA was willful. These common issues can be decided uniformly for all class members.

Defendant's opposition on this point is unpersuasive because whether its disclosure forms violated the FCRA does not require an individualized inquiry. Similarly, whether

-14-

Defendant's conduct was willful requires no inquiry from the class members; this legal issue focuses solely on Defendant's actions. Simply put, Plaintiff does not have to prove a variety of individual circumstances to support the alleged FCRA violations because any violations stemming from the same FCRA disclosure form were uniformly directed to all members of the putative class.

## 2. Superiority of Class Action

Rule 23(b)(3) requires a finding that "[the] class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Court looks to the four non-exclusive factors listed in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

It is unlikely that the individual class members would have any interest in instituting a lawsuit or in controlling their own individual actions and Plaintiff states that, to date, class members have not filed individual FCRA lawsuits against Defendant. It is also desirable to conduct the litigation in this forum and the process of bringing individual actions would be more onerous than managing a class action. The alternative of having a plethora of individual claims for damages arising out of the exact same conduct offers neither efficiency

nor fairness to Defendant or the putative class. Therefore, the Court concludes that Plaintiff has established the requirements of Rule 23(b)(3).

In sum, common legal questions and facts predominate over any individual issues in this case. Class action is an appropriate vehicle for the fair and efficient adjudication of this controversy. *See, e.g., Speer v. Whole Foods Market Group, Inc.*, Case No.: 8:14-cv-3035-T-26TBM (M.D. Fla. Sep. 16, 2015) (Dkt. 58) (FCRA class preliminarily certified by Judge Lazzara based on identical FCRA claims for settlement purposes); *Reardon v. ClosetMaid Corp.*, Case No. 2:08-cv-01730, 2011 WL 1628041 (W.D. Pa. April 27, 2011) (FCRA class certification granted based on similar claims). Accordingly, it is hereby

**ORDERED and ADJUDGED** that:

1.      Defendant's Motion for Summary Judgment (Dkt. 50) is denied.

2.       Plaintiff's Motion for Class Certification (Dkt. 44) is granted.

3.      The Court certifies the following class:

> **Background Check Class:** All Pyramid Healthcare Solutions, Inc. employees and job applicants who applied for or worked in a position at Pyramid Healthcare Solutions, Inc. in the United States and who were the subject of a consumer report that was procured by Pyramid Healthcare Solutions, Inc. within two years of the filing of this complaint and as to whom Pyramid Healthcare Solutions, Inc. used the employment application and purported disclosure and authorization form substantially similar to **Exhibit A.**

4.      The Court approves Denise Graham as Class Representative and her counsel, Andrew Ross Frisch, C. Ryan Morgan, and Marc Reed Edelman, as Class Counsel.

5. The parties are provided thirty (30) days from the date of this Order to confer regarding issues that may arise associated with the administration of the class, including the form and content of the notice, and the establishment of an opt-out period and procedure, and shall advise the Court on these efforts and whether there are issues that require the Court's resolution.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record