UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE GRAHAM, on her own behalf
and all similarly situated individuals,

    Plaintiff,

v.                                        Case No. 8:16-cv-1324-T-30AAS

PYRAMID HEALTHCARE SOLUTIONS,
INC.,

    Defendant.

_____/

**ORDER ON JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**SETTLEMENT AND NOTICES TO SETTLEMENT CLASS**

THIS MATTER came before the Court on October 3, 2017, upon the Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class (Doc. 64). Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court concludes that the motion should be granted.

**DISCUSSION**

On June 28, 2017, the Court certified the following class:

> All Pyramid Healthcare Solutions, Inc. employees and job applicants who applied for or worked in a position at Pyramid Healthcare Solutions, Inc. in the United States and who were the subject of a consumer report that was procured by Pyramid Healthcare Solutions, Inc. within two years of the filing of this complaint and as to whom Pyramid Healthcare Solutions, Inc. used the employment application and purported disclosure and authorization form substantially similar to **Exhibit A**.

On July 24, 2017, the parties jointly requested, and the Court granted, a sixty (60) day stay of the case to permit them the opportunity to enter into settlement negotiations with the intent to resolve the case. The parties represent that since that time, Graham and Pyramid engaged in

extensive settlement negotiations. Their efforts culminated in settlement of the class and execution of the settlement agreement filed herein.

On October 3, 2017, the parties filed their Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class. Thus, the issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of the Class.

The settlement is a claims paid settlement of ONE HUNDRED DOLLARS AND NO/100 ($100) each, for a Gross Settlement Fund of THIRTY TWO THOUSAND ONE HUNDRED DOLLARS AND NO/100 ($32,100.00). Each Class member who does not opt out will automatically receive a $100 check after final approval. The amount received by each Class member is not subject to reduction for any reason. Attorneys' fees, litigation expenses, and administration expenses are being paid separately by Defendant.

Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable…" *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[1] *see also* Fed. R. Civ. P. 23(e)(2).

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson,* 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), citing 1982-2 Trade Cas. at 72, 106, citing, inter alia, *Container II,* 643 F.2d at 207-08; *Cotton v. Hinton,* 559 F.2d at 1330-31; *Miller v. Republic National Life Insurance Co.,* 559 F.2d 426, 428-29 (5th Cir.1977). Based on review of the record, the manner of negotiation, and the settlement agreement, there is no evidence indicating that the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and the Court concludes the settlement is fair, adequate, and reasonable.

Specifically, each class member shall receive an amount provided for under the Fair Credit Reporting Act's range of possible recovery. Other recent FCRA cases that have been settled have provided similar or less relief to class members. *See, e.g.*, *Marcum v. Dolgencorp, Inc.*, No. 3:12-cv-00108 (E.D. Va. 2014) ($53 gross payment per class member reduced by attorneys'

fees and service awards paid from class settlement fund); *Knights v. Publix Super Markets, Inc.*; No. 3:14-cv-006720 (M.D. Tenn. 2014) ($48.55 paid to each class member); *Pitt v. Kmart Corp.*, No. 3:11-cv-00697 (E.D. Va. 2013) ($18 or $38 received by class members depending on date of FCRA violation).

Additionally, there is no evidence of fraud or collusion related to the separately negotiated service award of $7,500.00 to Plaintiff Denise Graham who actively participated in the case, including sitting for deposition and participating in mediation. Finally, the Court concludes that the attorneys' fees and costs of $135,000.00 is within the reasonable range for a case of this duration, and is supported by the procedural history wherein the parties engaged in extensive litigation, including written and deposition discovery, motions to dismiss and summary judgment, and certification of the class by the Court. During this process, the parties thoroughly evaluated their claims and defenses in order to negotiate what they believe is the most optimal settlement on behalf of the settlement class.

Finally, the parties represent, and the proceedings in the case support, that each possessed "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. As such, the Court concludes that the parties' negotiations were based on realistic, independent assessments of the merits of the claims and defenses in this case. "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010). Balancing the risk that liability cannot be established against Pyramid for willful violations of the disclosure, authorization, and pre- and post-adverse action notice provisions of the FCRA against the range of possible recovery of damages supports settlement.

Based on the parties' good faith basis for the settlement set forth in the Joint Motion, the Court concludes that the Settlement Agreement should be approved preliminarily.

Similarly, the Court concludes that the Notice of Proposed Class Action Settlement meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights.

Thus, it is hereby **ORDERED and ADJUDGED** that:

1. The Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class (Doc. 64) is granted. The Court approves the proposed notice plan and the language of the notice proposed by the parties.

2. The Court sets this case for hearing for Final approval of the Settlement on **FRIDAY, FEBRUARY 2, 2018, AT 9:00 A.M.**, and instructs the parties to include this hearing date, time, and location in the Notice to be sent pursuant to the notice plan.

DONE AND ORDERED in Chambers at Tampa, Florida this 10th day of October, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record