UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE GRAHAM, on her own behalf
and all similarly situated individuals,

    Plaintiff,

v.                                           Case No. 8:16-cv-01324-JSM-AAS

PYRAMID HEALTHCARE SOLUTIONS,
INC.,

    Defendant.

                                               /

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

COME NOW Plaintiff DENISE GRAHAM ("GRAHAM"), on her own behalf and all similarly situated individuals, and Defendant PYRAMID HEALTHCARE SOLUTIONS, INC. ("PYRAMID") and, pursuant to Federal Rule of Civil Procedure 23, file their Joint Motion for Final Approval of Settlement, respectfully states as follows:

**I.**        **NATURE AND STAGE OF PROCEEDING**

In her Class Complaint ("Complaint"), Graham alleged that Pyramid willfully violated the disclosure and authorization provisions of the Fair Credit Reporting Act ("FCRA") in 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by obtaining consumer/background reports on Graham and employees/prospective employees during the period beginning May 3, 2014 and continuing until August 31, 2016,[1] without first disclosing to them in a separate disclosure solely containing the statutory language, and included additional language not permitted under the FCRA.

---

[1] At this time, Pyramid began using a different CRA and disclosure form that is not at issue in this case.

On June 28, 2017, the Court certified the following class:

> All Pyramid Healthcare Solutions, Inc. employees and job applicants who applied for or worked in a position at Pyramid Healthcare Solutions, Inc. in the United States and who were the subject of a consumer report that was procured by Pyramid Healthcare Solutions, Inc. within two years of the filing of this complaint and as to whom Pyramid Healthcare Solutions, Inc. used the employment application and purported disclosure and authorization form substantially similar to **Exhibit A**.

On July 24, 2017, the parties jointly requested, and the Court granted, a sixty (60) day stay of the case to permit them the opportunity to enter into settlement negotiations with the intent to resolve the case.  Since that time, Graham and Pyramid have been engaged in extensive settlement negotiations.  Their efforts have culminated in settlement of the class as defined by the Court. The parties thereafter executed a Settlement Agreement filed with the Court in the parties Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class.

On October 10, 2017, the Court entered its order preliminarily approving the Settlement and Notices.

Since that time, the Settlement Administrator reports:

1.	On October 10, 2017, it received the Class List containing the identities and addresses (as well as e-mail addresses, where available) for the 321 class members.

2.	On or about October 30, 2017, a website, www.PyramidFCRASettlement.com was established, as well as a toll-free telephone support number.  The information for both was included in the approved notice.

3.	On October 30, 2017, all 321 class members were mailed the approved Notice. Additionally, of those, 129 class members received the approved Notice via e-mail, as well.  Only 37 notices were returned as undeliverable, for which 25 new addresses could be obtained and the approved notice re-sent.

4.     As a result of the Notice, there were no requests for extension, no objections, and no requests for exclusion.

All other required individuals and entities have been notified as of the filing of this joint motion.[2]

## II.     STATEMENT OF ISSUES

The issues before the Honorable Court are whether to order Final approval of the settlement and dismiss the case accordingly allowing for distribution of the settlement funds to the class pursuant to the Settlement Agreement..

## III.    FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable…" *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[3] *see also* Fed. R. Civ. P. 23(e)(2).   Here, the Court has already preliminarily found these standards to be met.  Now that all of the class members have been properly notified, and there has been no objection, exclusion, or request for extension, the Court

---

[2] Due to miscommunication between Defendant and the Settlement Administrator, Defendant learned prior to the filing of this joint motion that the CAFA notices had not been sent. However, as of the filing of this joint motion, all required CAFA notices have been sent. The parties agree that this delay was inadvertent and amounts to excusable neglect, and that there is no prejudice to the class in the Court's finalization of the settlement based on the following: the settlement is a claims paid settlement with all class member receive settlement funds with no requirement of receipt of a formal claim; 96% of the class received proper and timely individual notices – with 129 class members receiving it via mail and e-mail; the class members also had access to both web and telephone support; and no class member expressed any objection or request for exclusion from the settlement. It is within the sound discretion of the Court, if satisfied that the spirit of the law has been met, to finalize the settlement. *See In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278 (E.D.Pa.2012).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

should finalize this claims paid settlement to allow disbursement of the settlement funds to the class members.

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson,* 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

## IV.    CONCLUSION

The Court should approve the Agreement on a preliminary basis because the proposed settlement is fair, reasonable, and adequate. The Notice of Proposed Class Action Settlement should be approved for distribution to the Settlement Class because it meets the requirements of Rule 23 and due process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Denise Graham, on her own behalf and all similarly situated individuals, and Defendant Pyramid Healthcare Solutions, Inc. request that the Court grant their Motion and enter an Order of Final approval and dismiss this case.

DATED this 22nd day of January.

Respectfully submitted,                                               Respectfully submitted,

*/s/Marc R. Edelman*                                                  */s/ Jennifer Monrose Moore*
MARC R. EDELMAN                                                       JENNIFER MONROSE MOORE
Florida Bar Number 0096342                                            Florida Bar Number 035602
E-mail: MEdelman@forthepeople.com                                     E-mail: jennifer.moore@ogletree.com
                                                                      GRANT D. PETERSEN
MORGAN & MORGAN, P.A.                                                 Florida Bar Number 0378682
201 North Franklin Street, Suite 700                                  E-mail: grant.petersen@ogletree.com
Tampa, Florida 33602                                                  VANESSA A. PATEL
Telephone: 813.223.5505                                               Florida Bar Number 103928
Facsimile: 813.257.0572                                               E-mail: vanessa.patel@ogletree.com

ANDREW R. FRISCH                                                      OGLETREE, DEAKINS, NASH, SMOAK
Florida Bar Number 0027777                                               & STEWART, P.C.
E-mail: AFrisch@forthepeople.com                                      100 North Tampa Street, Suite 3600
                                                                      Tampa, Florida 33602
MORGAN & MORGAN, P.A.                                                 Telephone: 813.289.1247
600 North Pine Island Road, Suite 400                                 Facsimile: 813.289.6530
Plantation, Florida 33324
Telephone: 954.967.5377                                               *ATTORNEYS FOR DEFENDANT PYRAMID*
Facsimile: 954.327.3013                                               *HEALTHCARE SOLUTIONS, INC.*

C. RYAN MORGAN
Florida Bar Number 0015527
E-mail: RMorgan@forthepeople.com

MORGAN & MORGAN, P.A.
20 North Orange Avenue, 14th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: 407.420.1414
Facsimile: 407.245.3401

*ATTORNEYS FOR PLAINTIFF*
*DENISE GRAHAM*

32697030.1

5