UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE GRAHAM, on her own behalf
and all similarly situated individuals,

  Plaintiff,

v.              Case No. 8:16-cv-1324-T-30AAS

PYRAMID HEALTHCARE
SOLUTIONS,
INC.,

  Defendant.
_____/

## ORDER

On February 2, 2018, the Court held a hearing on the parties' Joint Motion for Final Approval of Settlement (Doc. 68) and Unopposed Motion for Attorneys' Fees and Costs (Doc. 69). Due and adequate notice having been given to Settlement Class Members as required by the Court's October 10, 2017, Order (Doc. 65), and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, and having determined that the settlement is fair, adequate, and reasonable, the motions (Docs. 68, 69) are granted. The Court finds as follows:

1. This Order adopts and incorporates by reference the terms and conditions of the parties' Settlement Agreement, together with the definitions used in this Order.

2. This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendant, and the members of the Settlement Class, as defined in the Settlement Agreement.

3. Notice given to the class fully and accurately informed Settlement Class Members of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. Accordingly, this Court finds that the notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

4. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties.

5. All Settlement Class Members are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement and this Final Approval Order. As of the effective date of Settlement, by operation of the entry of this Final Approval Order, each Settlement Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

6.  Settlement Class Members were given a full opportunity to participate in the Final Approval hearing. Accordingly, the Court determines that all Settlement Class Members who did not timely and properly opt out of the settlement are bound by this Order.

7.  The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the claims were aggressively prosecuted and fiercely contested with only settlement reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the settlement is the result of serious, informed, adversarial and arm's-length negotiations between the parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

8.  In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

9.  The Court finds the Individual Settlement Payments provided to Settlement Class Members under the terms of the Settlement Agreement to be fair and reasonable in light of all the circumstances. This is a claims paid settlement. The Court, therefore, orders the payments to be made and administered in accordance with the terms of the Settlement Agreement and this Order.

3

10. The Court finds that the services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the actual cost of no more than $20,000 is fair, reasonable, and appropriate for reimbursement. The Court approves payment of actual costs up to this amount up to $20,000 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11. The Court confirms Marc Edelman, Morgan & Morgan, P.A. as Class Counsel in this action. The Court finds that Class Counsel have sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class.

12. The Court further approves the Class Counsel Award in the separately negotiated amount of $135,000.00, inclusive of fees and costs. The Court finds that this amount is supported by the unopposed Motion for Fees and Costs filed by Plaintiff (Doc. 69).

13. The Court finds that Denise Graham is a suitable representative for the Settlement Class and confirms her appointment as the Class Representative. The Court finds that Ms. Graham's commitment to the litigation and its outcome ensured adequate advocacy for the Settlement Class, and her interests are aligned with those of the Settlement Class.

14. The Court finds the Service Award in the amount of $7,500 to the Class Representative to be fair and reasonable compensation based on the evidence presented regarding the services provided by Plaintiff in assisting Class Counsel.

15. The Court directs that, no later than ten (10) days after the entry of this Order, the Settlement Administrator will pay the Individual Settlement Payments, the Class Representative Service Award, the Class Counsel Award of Fees & Costs, Defendants' share of payroll taxes, and the Settlement Administration Costs, as specified in the Settlement Agreement and this Order.

16. Any settlement checks remaining un-cashed 180 calendar days after being issued shall be void and the amount shall be included in the amount under Section 7.3.5 of the Settlement Agreement to be used accordingly.

17. Without affecting the finality of this Order or the Court's Judgment in any way, this Court retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement, including the claims process established therein.

18. If the Settlement does not become final and effective in accordance with the terms of the Settlement, any and all orders entered in connection with it shall be rendered null and void and shall be vacated.

19. The Clerk is directed to close the case.

DONE AND ORDERED in Chambers at Tampa, Florida this 2nd day of February, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

5